## SWEETING v. IROQUOIS CHINA CO.

(Supreme Court, Appellate Division, Fourth Department.   January 6, 1909.)

SALES (§ 21*)—SALE OF SECRET PROCESS—CONSIDERATION.

One claiming to be the owner of a secret process for the manufacture of china ware sold the process to a buyer on the assumption that he was to acquire the exclusive ownership of the process. He had previously sold a process to a third person. Each formula was composed of the same ingredients in the same proportion, except the process sold to the buyer included English ball clay. This ingredient made no substantial change, and its effect on the other component parts of the process was not a secret. *Held,* that the buyer acquired nothing, and his notes for the price were without consideration.

[Ed. Note.—For other cases, see Sales, Dec. Dig. § 21.*]

Kruse, J., dissenting.

Appeal from Trial Term, Onondaga County.

Action by Julia A. Sweeting against the Iroquois China Company. From a judgment for plaintiff, and from an order denying a new trial, defendant appeals.   Reversed, and new trial granted.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, KRUSE, and ROBSON, JJ.

Lamont Stilwell, for appellant.

Thomas Woods, for respondent.

SPRING, J.   On the 2d day of November, 1906, J. Deloss Sweeting, the husband of the plaintiff, claimed to be the owner of certain processes or formulas valuable in the manufacture of china ware. The defendant is a corporation engaged in the manufacture of such ware in the village of Solvay, near the city of Syracuse.   These parties on that day entered into a written contract whereby Sweeting transferred to the defendant the exclusive use of such secret formulas in consideration of the sum of $12,000, payable as follows:   $1,000 in cash, $2,000 in two separate promissory notes of $1,000 each, and $9,000 out of the earnings of the business, as stipulated in the agreement.   The transfer of the formulas was made, and the note in suit is one of those given in compliance with the agreement.   After its maturity it was sold to the plaintiff, and this action is brought by her for its collection.   The defense interposed is that the note was without consideration, in that Mr. Sweeting did not own the process which he pretended to transfer, but that he had disclosed the ingredients of the same and parted with his interest therein to one Sebring in 1902.

It is undisputed that Mr. Sweeting had transferred a secret process to Sebring in 1902 for the sum of $1,000.   The formula was composed of the same ingredients as the process sold to the defendant, and the relative proportions were identical, except in the formula assigned to the defendant there is the addition of 100 pounds of English ball clay. The sole question submitted to the jury was whether the presence of this ingredient was such a substantial addition to the preceding process as to make a new formula, and the jury have so found.   All the ex-

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

perts, including Sweeting and Sebring, agree as to the effect that English ball clay has on the constituent parts composing the process. Its use was not new. When Sweeting sold to Sebring, the application of this ball clay was talked over, and Sebring concluded not to use it. The evidence leaves it somewhat uncertain as to whether it was actually transferred to Sebring as one of the elements of the process. In any event, it was not considered as an indispensable part of the composition. Each formula is composed of five other ingredients, and, as already stated, the proportions of the two are relatively the same. The point is, therefore, whether the addition of a substance well known, and whose effect upon the other component parts of the process is not a secret, constitutes a new formula.

I am convinced that the English ball clay made no substantial change, and that the process transferred to the defendant was in all its essential features the same as that transferred to Sebring. I appreciate that witnesses testified that the presence of the English ball clay produced an appreciable effect upon the mixture, and even varied the proportions of the ingredients. That may be true. Any article, however well known, might produce the same result. The effect of the ball clay, however, was definitely known. It is a plastic clay, and toughened the fiber. This is significant, also, that the process sold to Sebring contains the same proportions of the component parts in the mixture without the ball clay as the formula transferred to the defendant with it. In the Sebring formula Pearson clay is mentioned, and in place of it English china clay is substituted in the formula to the defendant. The witnesses agree that the ingredients are identical. The defendant paid a large sum of money on the assumption that it was acquiring the exclusive ownership of a valuable secret process. The evidence by a large preponderance shows that it acquired nothing, for the formula was owned by Sebring, who had also purchased it from Sweeting.

It is not necessary to decide the other questions discussed on the briefs. The judgment should be reversed.

Judgment and order reversed, and new trial granted upon the law and facts, with costs to the appellant to abide event. All concur except KRUSE, J., who dissents.

KRUSE, J. (dissenting). I think it was a fair question of fact whether the formula sold to the defendant by Sweeting was substantially the same as the one which had theretofore been sold by Sweeting to Sebring, and that the jury was warranted in finding that it was not. The ingredients from which pottery is made seem to be generally known by all potters, so that it is not at all strange that the ingredients contained in the several formulas were nearly alike; but the mixing and the proper proportion of each to be used for obtaining the best results require long and careful study. As Sweeting · says, it is the work of a lifetime; and the evidence upon the part of the defendant's expert tends to sustain this view. He exhibited a sample of the ware he had made, gave the necessary instruction, turned over the formulas to the defendant, which it used, and I think the case was properly submitted to the jury.